United States District Court
Southern District of Texas
**ENTERED**
September 12, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| LINDA GRAYSON | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-15-120 |
| | § | |
| LEXINGTON INSURANCE COMPANY | § | |

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of Defendant, Lexington Insurance Company; the Motion seeks to have the lawsuit brought against it by Plaintiff, Linda Grayson, dismissed as time-barred. The Court, having carefully considered the Parties' submissions and arguments now issues this Opinion and Order.

On September 22, 2009, Plaintiff's home in Galveston was damaged by a fire caused by a lightning strike. At the time the dwelling was insured by Lexington under a policy providing a coverage limit of $370,000.00 for the dwelling. As Lexington began to adjust the claim, Grayson expressed her concern about the potential for lingering smoke odor. Lexington's adjusters determined that the damage could be repaired and all smoke odor could be eliminated by a process of "encapsulation," however, Lexington refused Grayson's request to guarantee the results and agree to raze and replace the house if the odor persisted. As a result, Grayson decided to insist that the entire house be demolished and rebuilt.

On June 4, 2010, Lexington notified Grayson, by letter, that it had made a "final determination" of the claim in accordance with its adjusters' opinions. At that time Lexington had paid Grayson about $160,700.00 and withheld about $32,300.00 as recoverable depreciation pending the completion of the covered repairs. Lexington's letter also demanded a contractual appraisal if Grayson disagreed with its decision. Grayson made no response to this demand for an appraisal.

On October 25, 2010, Lexington re-examined Grayson's claim and authorized an additional payment of $5,000.00 to cover increased costs of demolition. Payment was issued around November 8, 2010. On January 19, 2011, Lexington closed its file until Grayson had completed the repairs and requested the release of the holdback amount.

In May 2011, Lexington received a letter from counsel representing Grayson. It responded to the letter by providing requested documents and reasserting its appraisal demand. Once again, Lexington received no response to its demand.

Lexington received another letter from Grayson's attorney dated May 7, 2012. In response Lexington's Claim Manager, Richard Berger, sent counsel a letter dated May 24, 2012. With his letter Berger provided a copy of the June 4, 2010, letter and reiterated the demand for an appraisal "(i)f your client does not agree with the settlement of this claim." Again, there was no response from Grayson to the appraisal demand.

In the meantime, Grayson had the house demolished and rebuilt. The new home was completed by April 4, 2013, and Grayson then requested the release of the holdback amount and payment of the policy limits. Lexington determined that the entire holdback amount was due and sent payment to Grayson in early May 2013.

On November 11, 2014, Grayson requested an appraisal. Lexington, perhaps because it believed the statute of limitations had expired by then, did not respond.

On April 23, 2015, Grayson sued Lexington in state court. The case was removed and Lexington filed its Motion for Summary Judgment. In the opinion of this Court, Lexington's Motion must be granted.

The statute of limitations for bringing a breach of contract cause of action is four years. Tex. Civ. Prac. & Rem. Code § 16.051. Once a claim is denied the limitations period begins to run. Jett v. Truck Insurance Exchange, 952 S.W. 2d 108, 111 (Tex. App. -- Texarkana, 1997, no writ). A timely claim for additional payments may begin the statute of limitations running anew, if the insurer investigates the claim and makes a payment on it. Pena v. State Farm Lloyds, 980 S.W. 2d 949, 954 (Tex. App. -- Corpus Christi, 1998). However, the final denial of a claim is controlling, Id. The limitations period does not restart unless the insurer expressly or impliedly withdraws or changes its decision by, for example, making an additional payment or taking action inconsistent with that decision. Pace v. Travelers Lloyd's of Texas Insurance Co., 162 S.W. 3d 632, 635 (Tex. App. -- Houston [14 Dist], 2005). See also, Castillo v. State Farm Lloyds, 210

F.Appx. 390, 394 (5th Cir. 2006).  A willingness to review additional information, alone, is not action inconsistent with a final decision denying a claim.  Pace, 162 F.3d at 394.  See also, Sheppard v. Travelers Lloyds of Texas Insurance Co., 2009 WL 3294997 at *6-7 (Tex. App. -- Houston [14 Dist], Oct. 15, 2007, pet. denied).

By June 4, 2010, Lexington had decided that repair and encapsulation was the solution to Grayson's fire damage.  That opinion never changed.  While Lexington did reassess its financial liability and pay additional money for the insufficient allowance it had made for necessary demolition, the Court does not consider that to be a change of "position" or an action inconsistent with Lexington's original decision.  But even if it were the limitations period would have restarted on November 8, 2010 and, therefore, expired on August 11, 2014, five months before Grayson filed suit.

Lexington's demand for an appraisal was made as part of its June 4, 2010, decision to deny the claim for razing and rebuilding the dwelling.  Its renewed demands were all made within the four year limitations period and, therefore, did not resurrect the statute of limitations since Lexington's original position had not changed.  At best, the renewed demands simply barred Lexington from asserting that Grayson had waived her contractual right to an appraisal.

Grayson argues that it was not clear that Lexington had a made a final decision to deny her claim until it paid only the holdback amount and not the remainder of the policy limits.  Cf.  Ehrig v. Germania Farm Mutual Insurance Ass'n, 84 S.W. 3d 320, 325-26

4

(Tex. App. -- Corpus Christi, 2002, pet. denied). This Court does not doubt that Grayson may believe that, but under the applicable law that belief is clearly unreasonable given the facts in this case. Consequently, the Court finds that Grayson's breach of contract claim was untimely filed.

Having determined that Grayson's breach of contract claim was not filed within four years of Lexington's denial of her claim, all of her extra-contractual claims, which are governed by two year statutes of limitations are also time-barred.

It is, therefore, **ORDERED** that Lexington's "Motion for Summary Judgment (Statute of Limitations)" (Instrument no. 14) is **GRANTED** and that all claims asserted against Lexington by Plaintiff, Linda Grayson, are **DISMISSED**.

**DONE** at Galveston, Texas, this ＿＿12th＿＿ day of September, 2016.

_____
John R. Froeschner
United States Magistrate Judge